U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIN KOSCH, | ) Case No.: 21-00831 |
| | ) State Court Case No.: 21-35856-CK |
| | ) HON. ROBERT J. JONKER |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| TRAVERSE CITY AREA PUBLIC | ) |
| SCHOOLS and CINDY BERCK, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

HURLBURT, TSIROS & ALLWEILL, P.C.
BY:  MANDEL I. ALLWEIL (P34115)
Attorney for Plaintiff
821 S. Michigan Avenue
P.O. Box 3237
Saginaw, MI  48605
(989) 790-3221
_____

O'NEILL, WALLACE & DOYLE, P.C.
GREGORY W. MAIR (P 67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI  48638
(989) 790-0960

_____

### ANSWER TO PLAINTIFF'S COMPLAINT, NEW MATTER & AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW COME the above-named Defendants, TRAVERSE CITY AREA

PUBLIC SCHOOLS and CINDY BERCK, by and through their attorney,

GREGORY W. MAIR, and for their answer to Plaintiff's Complaint, states as

follows:

1.    Plaintiff Erin Kosch resides at 14620 Peninsula Drive, Traverse City, MI 49686, and she has worked as an educator and teacher for a period in excess of 22 years and has accrued in excess of 27 years seniority.

**ANSWER:**    Defendants admit the allegations of said Paragraph of Plaintiff's Complaint, upon information and belief.

2.    Defendant Traverse City Area Public Schools is a governmental agency with its principal office located at 412 Webster Street, Traverse City, MI 49686 and Defendant Cindy Berck, at all times material herein, was employed by Defendant Traverse City Area Public Schools as its Director of Human Resources.

**ANSWER:**    Defendants admit the allegations of said Paragraph of Plaintiff's Complaint, upon information and belief.

3.    Plaintiff Kosch was employed by Defendant as a tenured full-time teacher within the meaning of MCL 38.71(1) for the 2020-2021 school year pursuant to an agreement between her and the school district.

**ANSWER:**    Defendants admit the allegations of said Paragraph of Plaintiff's Complaint, upon information and belief.

4.    In October of 2020, Defendant, in light of the coronavirus pandemic and a positive COVID-19 test result in the Plaintiff's school, decided to provide instruction for Traverse City Central High School students through remote

(internet) teaching.

**ANSWER:** Defendants generally acknowledge the allegations of said Paragraph of Plaintiff's Complaint as being an accurate recitation of the virtual learning platform that was implemented District-wide in response to the Covid-19 pandemic.

5.     On or about October 22, 2020, Plaintiff conducted her classroom teaching sessions from her home through remote video and audio conferencing with her students.

**ANSWER:**  Defendants admit the allegations of said Paragraph of Plaintiff's Complaint, upon information and belief.

6.     At the conclusion of a class session on the aforesaid day, Plaintiff inadvertently failed to turn off the audiovisual feed of the teleconferencing software being used to provide instruction to her students.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint in the manner and form alleged and aver that Plaintiff maintained consistent audiovisual connectivity with her students in connection with the discharge of her duties as an educator for Defendant, Traverse City Area Public Schools.

7.     Not knowing that the camera and microphone of her computer's teleconferencing software were "on," Plaintiff and her husband engaged in a

private conversation where brief mention was made concerning a student and the student's mother (a teacher employed by the Defendant).

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint to the extent that Plaintiff had any expectation of privacy in connection with the discharge of her job duties and responsibilities as an educator for Defendant, Traverse City Area Public Schools, of which these Defendants deny any liability and / or damages in connection with the allegations contained in the Plaintiff's Complaint.

8.    A student then and there recorded the conversation between Plaintiff and her husband and caused the recorded conversation to be published on the internet in violation of MCL 750.539e.

**ANSWER:**   Defendants admit the allegations of said Paragraph of Plaintiff's Complaint only to the extent that the inappropriate conversation occurred between Plaintiff and her spouse which was recorded by one of her students and, further, deny the remaining allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

9.    Publication of the conversation between Plaintiff and her husband was both a criminal and civil offense pursuant to MCL 750.539c and MCL 750.539h, in that the student or students who eavesdropped and thereafter caused the private conversation between Plaintiff and her husband to be recorded, published and

divulged on the internet did so willfully and without the consent of Plaintiff or her husband.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue or otherwise unfounded.

10.    The recording of the conversation between Plaintiff and her husband thereafter came into the possession of Defendant.

**ANSWER:**   Defendants acknowledge that they became aware of the inappropriate conversation that took place during the Plaintiff's discharge of her job duties and responsibilities for Defendant, Traverse City Area Public Schools, and promptly investigated same.

11.    By the apparent nature of the conversation, Defendant knew or reasonably should have known that the said recording was obtained in violation of MCL 750.539c and that use of recording for any purpose is a felony punishable by imprisonment in a state prison not more than 2 years, or by a fine of not more than $2,000.00.  See MCL 750.539e.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

12.    Notwithstanding Defendant's knowledge as aforesaid, Defendant suspended Plaintiff's employment on October 26, 2020 and summoned her to a video teleconference meeting to discuss the aforesaid incident.

**ANSWER:** Defendants admit the allegations of said Paragraph of Plaintiff's Complaint to the extent that an investigation was promptly conducted into the inappropriate conduct exhibited by the Plaintiff through the discharge of her job duties and responsibilities for Defendant, Traverse City Area Public Schools and, further, deny the remaining allegations of said Paragraph as being legally and factually untrue, or otherwise unfounded.

13.    Plaintiff was then and there advised that a meeting would be held the following day and that she could not have representation by an attorney at the meeting.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint in the manner and form alleged and aver that the Plaintiff was provided all process that was due to her in connection with her job duties and responsibilities as an educator for Defendant, Traverse City Area Public Schools.

14.    The aforesaid meeting was held on October 27, 2020, with Cindy Berck, Defendant's Human Resources Manager, and other representatives of the Defendant in attendance.

**ANSWER:** Defendants admit the allegations of said Paragraph of Plaintiff's Complaint, upon information and belief.

15.     In the course of the aforesaid meeting the following occurred:

(a)     Plaintiff was falsely accused of violating student privacy rights under the Family Educational and Privacy Rights Act (FERPA), 20 USC § 1232g, notwithstanding that no provision of FERPA applied to any matter raised in the private conversation between Plaintiff and her husband;

(b)     Plaintiff was falsely informed that, in the event that she did not submit her resignation, her employment would be terminated and that she could be subjected to a public tenure review hearing before the Traverse City Public Schools Board of Education; and

(c)     Plaintiff was told that, if she contested her termination and lost, she would risk losing her pension and tenured teaching status.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint, including the allegations enumerated in subparagraphs (A.) – (C.) as same are legally and factually unfounded and, further, the Defendants deny any liability and / or damages in connection with the allegations contained in the Plaintiff's Complaint and aver that its actions were appropriate under the circumstances while providing all process that was due to the Plaintiff in connection with her job duties and responsibilities as an educator with Defendant, Traverse City Area Public Schools.

7

16.     That the intent and purpose of Defendant in suspending the Plaintiff's employment, and threatening the Plaintiff with severe injury including the loss of her pension and/or pension rights, was to willfully extort a resignation from the Plaintiff wherein she would abandon valuable and accrued property rights so as to preserve other important rights including but not limited to her pension.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

17.     Presented with the prospect of civil and/or criminal penalties for alleged violations of FERPA, with the loss of her status as a tenured teacher and with the loss of her pension, Plaintiff involuntarily resigned her position.

**ANSWER:**     Defendants deny that the Plaintiff's resignation was involuntary, and further denies any coercion relating to the Plaintiff's resignation which was voluntary in nature when tendered on more than one occasion.

18.     Under the circumstances hereinabove set forth, the termination of Plaintiff's employment was a constructive discharge as the Defendants willfully sought and extorted the submission of Plaintiff's involuntary resignation.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

19.     The acts and omissions of Defendant and its employees and agents, as described herein, were intended to and resulted in the violation of rights, including

but not limited to rights accorded to Plaintiff under the Michigan Teachers' Tenure Act, MCL 38.71 et. seq. Those rights include but are not limited to the following:

(a) Violation of §2 of the Act (MCL 38.102) by failing to specify the charges against Plaintiff in writing signed by the person making the charges, filling the charges with the Board of Education, and providing a copy of the changes to Plaintiff, along with specification of the proposed outcome; and

(b) Violation of §3 of the Act (MCL 38.103) by suspending Plaintiff from active performance of her teaching duties without first filing charges against her; and

(c) Violation of MCL 38.101 by discharging Plaintiff for a reason that was unfounded, arbitrary and capricious and not in accordance with the provisions of the said Act; and

(d) Violation of MCL 38.172 by forcing Plaintiff to waive her contractual right to be dismissed or discharged from her employment only for reasonable and just cause.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint including those enumerated in subparagraphs (A.) – (D.) as being legally and factually unfounded.

20. At all times material herein, Defendant knew or had reason to know that Plaintiff did not commit any offense that would support any discipline or

charges against her.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

21.    Notwithstanding that Plaintiff committed no offense, Defendant knowingly and willfully violated MCL 750.539c and applicable provisions of the Michigan Teachers' Tenure statute, as Defendant constructively terminated Plaintiff's employment.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint and aver that the Plaintiff voluntarily chose to resign from her employment rather than face the consequences for her inappropriate actions.

## COUNT I – BREACH OF CONTRACT

22.    Plaintiff adopts and incorporates each and every of the foregoing paragraphs of this Complaint as though here repeated word-for-word and paragraph-for-paragraph.

**ANSWER:**  Defendants incorporate herein by reference their answers to Paragraphs 1 – 21 of Plaintiff's Complaint as if set forth herein in their entirety, word for word.

23.    Under the circumstances hereinabove set forth, the termination of Plaintiff's employment was a breach of contract and a violation of Plaintiff's right to continued employment in the absence of reasonable and just cause for her

dismissal.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

24.    As a natural result of Defendants wrongful acts as described herein, Plaintiff has suffered damages, including but not limited to loss of earnings and employment benefits, that all said damages are permanent and/will last into the indefinite future, and all said damages were proximately caused by Defendant's acts and omissions as hereinabove set forth.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT CINDY BERCK)

25.    Plaintiff adopts and incorporates each and every of the foregoing paragraphs of this Complaint as though here repeated word-for-word and paragraph-for-paragraph.

**ANSWER:**  Defendants incorporate herein by reference their answers to Paragraphs 1 – 24 of Plaintiff's Complaint as if set forth herein in their entirety, word for word.

26.    The threats made by Defendant Cindy Berck to Plaintiff in connection with the incident of October 22, 2020, and her continued employment by Defendant Traverse City Area Public Schools, as set forth in Paragraph 16 of this

Complaint, were false and were made intentionally for the purpose of inducing/extorting Plaintiff's resignation and/or said threats were made recklessly without regard to their truthfulness for the purpose of inducing Plaintiff's resignation.

**ANSWER:** Defendants, specifically Defendant Berck, deny the allegations of said Paragraph of Plaintiff's Complaint as being inaccurate, untrue or otherwise unfounded in connection with the investigation into the inappropriate conduct exhibited by the Plaintiff in connection with the discharge of her job duties and responsibilities as an educator with Defendant, Traverse City Area Public Schools.

27.     Defendant Cindy Berck knew, or reasonably should have known, that the recording of the private conversation between Plaintiff and her husband was obtained in violation of MCL 750.539c and that its use for the purpose of inducing/extorting Plaintiff's resignation was felonious.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

28.     Defendant Cindy Berck's conduct in using the illegally obtained recording to induce Plaintiff's resignation was then and there extreme and outrageous.

**ANSWER:** Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

29.     Under the circumstances hereinabove set forth, the threats made by Defendant Cindy Berck to Plaintiff in connection with the incident of October 22, 2020 and her continued employment by Defendant Traverse City Area Public Schools were made in bad faith and with malicious intent.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

30.     As a direct and proximate result of Defendant Berck's acts as herein set forth, Plaintiff has suffered injuries and damages, including but not limited to mental anguish and distress, embarrassment, humiliation, mortification, and loss of earnings and employment benefits, that all said damages are permanent and/will last into the indefinite future, and all said damages were proximately caused by Defendant's acts and omissions as hereinabove set forth.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

## COUNT III – VIOLATION OF PROCEDURAL DUE PROCESS PURSUANT TO 42 U.S.C. § 1983 AND THE MICHIGAN CONSTITUTION, ART. I § 17

31.     Plaintiff adopts and incorporates each and every of the foregoing paragraphs of this Complaint as though here repeated word-for-word and paragraph-for-paragraph.

**ANSWER:**  Defendants incorporate herein by reference their answers to Paragraphs 1 – 30 of Plaintiff's Complaint as if set forth herein in their entirety, word for word.

32.    Pursuant to the Fourteenth Amendment to the United States Constitution, a state actor shall not deprive a person of a property interest without due process of law.

**ANSWER:**  Defendants make no response regarding the Constitutional amendment cited in said Paragraph of Plaintiff's Complaint as same speaks for itself, of which these Defendants deny any liability and / or damages in connection with the allegations contained in the Plaintiff's Complaint.

33.    Any State actor who violates a person's property interest without due process of law, and does so under the color of state law, is liable pursuant to 42 U.S.C.A. § 1983.

**ANSWER:**  Defendants make no response regarding the cited Federal statute in said Paragraph of Plaintiff's Complaint as same speaks for itself, of which these Defendants deny any liability and / or damages in connection with the allegations contained in the Plaintiff's Complaint.

34.    Plaintiff as a tenured employee, who had in excess of 27 years of credited service, had a property interest in her continued employment and was entitled to due process before the Defendants deprived her of that interest.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint in the manner and form alleged and aver that Defendants provided the Plaintiff all process that was due before her tendered voluntary resignation and, therefore, her claims fail as a matter of fact and law.

35.     While acting in an individual, and as in a supervisory capacity as a decision maker for the Defendant school district, Defendant Cindy Berck, deprived the Plaintiff of due process as previously described.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

36.     As a result of said deprivations, the Plaintiff was subject to extreme and outrageous conduct that was intended to injure her rights, exposed her the arbitrary and capricious exercise of municipal power and those deprivations "shock the conscious".

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

37.     The aforesaid failures and the deprivation of due process constitutes a violation of the Fourteenth Amendment for which Defendants, Traverse City Area Public Schools and its Human Resources Administrator, Cindy Berck, are liable pursuant to 42 USCA §1983 and pursuant to the relevant provisions of the State of Michigan Constitution.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

38.    Defendants Traverse City Area Public Schools and its Human Resource Director, Cindy Berck, acted with a reckless and/or callous indifference to the Plaintiff's constitutional rights.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

39.    As a direct and proximate result of Defendants, Traverse City Area Public Schools and its Human Resource Director, Cindy Berck, acts as hereinabove set forth, Plaintiff has suffered injuries and damages, including but not limited to mental anguish and distress, embarrassment, humiliation, mortification, and loss of earnings and employment benefits, that all said damages are permanent and/will last into the indefinite future, and all said damages were proximately caused by Defendant's acts and omissions as hereinabove set forth and because of the callous indifference demonstrated by the named Defendants the Plaintiff is also entitled for all costs and punitive damages as to be determined at the time of trial.

**ANSWER:**  Defendants deny the allegations of said Paragraph of Plaintiff's Complaint as being legally and factually untrue.

WHEREFORE, Defendants, TRAVERSE CITY AREA PUBLIC SCHOOLS and CINDY BERCK, pray that this Court and / or jury enter a verdict

in their favor together with actual and statutory costs and attorney fees to be taxed, and, Defendants deny that the Plaintiff is entitled to any of the relief sought including those delineated in subparagraphs (A.) – (D.) as outlined in her Complaint.

## NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME the above-named Defendants, TRAVERSE CITY AREA PUBLIC SCHOOLS and CINDY BERCK, by and through their attorney, GREGORY W. MAIR, and, by way of New Matter and Affirmative Defenses, will show as follows:

A.      That the Plaintiff's Complaint fails to set forth a claim or cause of action against these Defendants and the Court lacks personal and / or subject matter jurisdiction over some or all of Plaintiff's claims.

B.      That the Defendants will show that, at all times relevant, they acted without malice or ill will and had good faith in performance of their duties and, as a result, are immune from suit recovery by Plaintiff in this case.

C.      Defendants will show that the Plaintiff has failed to prove any deprivation of any Federal or State right, nor has Plaintiff alleged or proven any act of deprivation taken under color of law sufficient to maintain an action based on 42 U.S.C. § 1983.

D.      That the proofs will show that Defendants were guided by, and strictly observed, all the duties and obligations imposed by law or otherwise, and further, all actions of Defendants' agents, servants, employees or associates were careful, prudent, proper and lawful.

E.      The Plaintiff's Complaint is barred by the applicable statute of limitations.

F.      That the Plaintiff has failed to mitigate her damages.

G.      That these Defendants are entitled to qualified immunity relative to Plaintiff's claims.

H.      That Plaintiff failed to exhaust all administrative remedies applicable to her employment.

I.      That the proofs will show that the Plaintiff voluntarily resigned on at least one (1) occasion, and her resignation was properly accepted by the Defendants barring the instant suit.

J.      That the Plaintiff had no expectation of privacy in conjunction with the discharge of her job duties and responsibilities, including those discharged in conjunction with the District-imposed virtual learning platform.

K.      That the civil and criminal violations cited in the Plaintiff's Complaint by others not employed directly by the District, do not provide for a basis of recovery relative to the allegations contained in the Plaintiff's Complaint.

L.      That the Defendants rely upon the fact that there was no intent to cause any injury and / or deprive the Plaintiff of any rights in conjunction with her employment as an educator with Defendant, Traverse City Area Public Schools.

M.      That the Plaintiff has waived any rights arising under any contract of employment by virtue of her voluntary resignation which was tendered and accepted by the District.

N.      That Plaintiff was provided notice and opportunity to be heard barring any Federal or State cause of action for due process violation.

O.      That the Defendants, Traverse City Area Public Schools and Cindy Berck, reserve the right to amend their Affirmative Defenses during the course of this litigation.

WHEREFORE, Defendants, TRAVERSE CITY AREA PUBLIC SCHOOLS and CINDY BERCK, pray that this Court and / or jury enter a verdict in their favor together with actual and statutory costs and attorney fees to be taxed.

Respectfully Submitted,


Dated:  September 27, 2021                    /s/GREGORY W. MAIR (P67465)
                                              Attorney for Defendants
                                              300 St. Andrews Road, Suite 302
                                              Saginaw, MI  48638

## <u>**DEMAND FOR JURY**</u>

NOW COME the above-named Defendants, TRAVERSE CITY AREA PUBLIC SCHOOLS and CINDY BERCK, by and through their Attorney, GREGORY W. MAIR, and hereby demands a jury in the Trial of the above-entitled cause of action.

Respectfully Submitted,


Dated:  September 27, 2021          /s/<u>GREGORY W. MAIR (P67465)</u>
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

Gregory W. Mair                                    gregmair@owdpc.com
                                                   dana@owdpc.com
                                                   sheryl@owdpc.com

Mandel Allweil                                     shyde@htalawyers.com
                                                   mail@thalawyers.com

                                                   Respectfully submitted,


Date: September 27, 2021                           s/ GREGORY W. MAIR (P67465)
                                                   Attorney for Defendants
                                                   300 St. Andrews Road, Suite 302
                                                   Saginaw, MI  48638
                                                   gmair@owdpc.com